UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

MIXRTVAGD.PL SP. Z.O.O.,
a Polish Corporation,

        Plaintiff,

v.

SHALLAL INTERNATIONAL, LLC,
A Michigan Limited Liability Company
and PAVLO SHALLAL, an individual,

        Defendants.

Case No.
Hon.

DAVID Q. HOUBECK (P77002)
VANDEVEER GARZIA, P.C.
Attorneys for Plaintiff
840 W. Long Lake Road, Ste. 600
Troy, MI 48098
(248) 312-2800 / Fax (248) 879-0042
dhoubeck@vgpclaw.com

## **VERIFIED COMPLAINT**

There is no other civil action between these parties arising out of the same transaction or occurrence as alleged in the Complaint pending in the Court, nor has any such action been previously filed and dismissed or transferred after having been assigned to a Judge, nor is there any other civil action, not between these parties, arising out of the same transaction or occurrence as alleged in the Complaint that is either pending or was previously filed and dismissed, transferred, or otherwise disposed of after having been assigned to a Judge in the Court.

NOW COMES the Plaintiff, MixRtvAgd.PL SP. Z.O.O., by and through its attorneys, VANDEVEER GARZIA, P.C., and in its Complaint against the Defendants, states as follows:

**PARTIES, JURISDICTION, AND VENUE**

1. Plaintiff, MixRtvAgd.PL SP. Z.O.O., is a Polish company, akin to a limited liability company, with its principal place of business located in Boguchwała, Poland.

2. Defendant, Shallal International, LLC, ("Shallal International") is, upon information and belief, a Michigan limited liability company, with its principal place of business located in the City of Shelby Township, County of Macomb, State of Michigan.

3. Defendant, Pavlo Shallal ("Pavlo"), is an individual who, upon information and belief, is, and at all times pertinent hereto, was the owner of Shallal International and a resident of the City of Shelby Township, County of Macomb, State of Michigan.

4. This Honorable Court has subject matter jurisdiction over this action pursuant to 28 U.S.C §1331, because the claim arises under the Constitution, laws, or treaties of the United States.  Specifically, this claim arises under the United Nations Convention on Contract for the International Sale of Goods, ("CISG"), which is an international treaty that governs the

2

formation of international sales contracts as well as the rights and obligations of the parties.

5. Additionally, this Cout possesses diversity jurisdiction over this action pursuant to 28 U.S.C. §1332(a) because the amount in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of a State and Citizens or subjects of a foreign state.

6. This Court has personal jurisdiction over Defendants, as Defendants regularly conduct business in the State of Michigan, including in the Eastern District of Michigan, and committed certain of the acts or omissions at issue in this action in this District. As such, Defendants have purposefully availed themselves of the privilege of conducting business within this District, have established sufficient minimum contacts with this District such that Defendants should reasonably and fairly anticipate being hauled into court in this District, and at least a portion of the claims alleged herein arise out of or are related to one or more of the foregoing activities.

7. An actual controversy has arisen between Plaintiff and Defendants in that Plaintiff claims that Defendants breached a contract for the sale of goods by failing to pay the agreed-upon contract price for goods Plaintiff delivered to Defendants.

8. Venue is proper in this District pursuant to 28 U.S.C. §1391 because Defendants reside in this District, have a principal place of business

in this district, and a substantial part of the events or omissions giving rise to the claims occurred in this District.

## COMMON ALLEGATIONS

9. Plaintiff restates, realleges, and incorporates by reference paragraphs 1 through 8 as though fully set forth herein.

10. Plaintiff is a Polish company with whom Defendants contracted for the shipment of approximately 30,240 units of Raffaelo candies by Plaintiff to Defendants on or about April 3, 2023.

11. Plaintiff issued Defendants a purchase order dated April 3, 2023, which specified the quantity and price of the goods to be shipped to Defendants. (**Exhibit A**, Purchase Order).

12. Plaintiff issued an invoice to Defendants for the sale and shipment of the goods totaling 350812.00 PLN (Zloty)[1]. (**Exhibit B**, Invoice).

13. On or about April 5, 2023, Plaintiffs shipped the goods to Defendants in accordance with the parties' agreement.

14. On or about April 27, 2023, the Defendants received the shipment and used it for their own purposes.

15. Pursuant to the parties' agreement, Defendants were required to pay the invoice for the goods on or before April 6, 2023. (**Exhibit B**, Invoice).

---

[1] "PLN (Zolty)" refers to the national currency of Poland. As of the date of the filing of this Complaint, the Polish currency price agreed upon in the contract is equal to approximately $88,136.46 USD.

4

16. Defendants failed to make the required and agreed upon payment for the goods.

17. Plaintiff contacted Defendant Pavlo on several occasions attempting to obtain payment for the goods pursuant to the parties' agreement. (**Exhibit C**, Text Messages).

18. Defendants consistently represented to Plaintiff that payment was forthcoming. (**Exhibit C**, Text Messages).

19. Despite receiving several assurances from Defendants that the payment was forthcoming, Defendants never paid the amounts due under the contract.

20. Plaintiff performed all things necessary and required of Plaintiff under the sales contract.

21. It is not disputed that the Defendants received the subject goods and used them for Defendants' own use.

22. On December 5, 2023, Plaintiff submitted a Final Demand for payment to the Defendants, requesting payment of the unpaid balance by December 12, 2024. (**Exhibit D**, Final Demand).

23. Defendants did not respond to the Final Demand.

24. As a direct and proximate result of the conduct of the Defendants' actions, Plaintiff incurred significant monetary damages.

5

## COUNT I - BREACH OF CONTRACT UNDER CISG
### (As to all Defendants)

25. Plaintiff restates and incorporates by reference paragraphs 1 through 24 of this Complaint as though fully set forth herein.

26. Defendants and Plaintiff entered into a contract, both orally and in writing, for the sale and purchase of approximately 30,240 units of Raffaelo candies (approximately 5,400 boxes).

27. Pursuant to the terms of the parties' agreement, Defendants were required to pay 350812.00 PLN (Zloty)[2] for the purchase and shipment of the subject goods on or before April 6, 2023.

28. Plaintiff timely produced and delivered the stated quantities of goods to Defendants pursuant to the parties' agreement.

29. Defendants accepted delivery and never objected to the quality of the goods, the quantity of the goods, the price of the goods, or the terms of the agreement between the parties.

30. Defendants breached the parties' contract by failing to pay the agreed upon price for the subject goods as indicated in the invoice, which was provided to Defendants on multiple occasions.

---

[2] "PLN (Zolty)" refers to the national currency of Poland. As of the date of the filing of this Complaint, the Polish currency price agreed upon in the contract is equal to approximately $88,136.46 USD.

31. As a direct and proximate result of Defendants' breach, Plaintiff has suffered significant damages, including, but not limited to, the sum of at least 350812.00 PLN (Zloty), which as of the date of filing this complaint, is equal to approximately $88,136.46 USD, in addition additional contractual damages, consequential damages, incidental damages, costs, and attorney fees, among other damages.

WHEREFORE, Plaintiff prays for judgment against Defendants in a sum in excess of Seventy-Five Thousand Dollars ($75,000.00) in actual damages, in addition to the treble damages, consequential damages, exemplary damages, compensatory damages, costs, attorney fees, interest, and/or other damages to which the Plaintiff may be entitled.

### COUNT II- BREACH OF CONTRACT UNDER COMMON LAW
### (As to all Defendants)

32. Plaintiff restates and incorporates by reference paragraphs 1 through 31 of this Complaint as though fully set forth herein.

33. Plaintiff and Defendants entered into a contract, both orally and in writing, for the sale and purchase of approximately 30,240 units of Raffaelo candies (approximately 5,400 boxes).

34. Pursuant to the terms of the parties' agreement, Defendants were required to pay 350812.00 PLN (Zloty)[3] for the purchase and shipping of the subject goods on or before April 6, 2023.

35. Plaintiff timely produced and delivered the stated quantities of goods to Defendants pursuant to the parties' agreement.

36. Defendants accepted delivery and never objected to the quality of the goods, the quantity of the goods, the price of the goods, or the terms of the agreement between the parties.

37. Defendants breached the parties' agreement by failing to pay the agreed upon price for the goods as indicated in the invoice, which was provided to Defendants on multiple occasions.

38. As a direct and proximate result of Defendants' breach, Plaintiff has suffered significant damages, including, but not limited to, the sum of at least 350812.00 PLN (Zloty), which as of the date of filing this complaint, is equal to approximately $88,136.46 USD, in addition additional contractual damages, consequential damages, incidental damages, costs, and attorney fees, among other damages.

WHEREFORE, Plaintiff prays for judgment against Defendants in a sum in excess of Seventy-Five Thousand Dollars ($75,000.00) in actual

---

[3] "PLN (Zolty)" refers to the national currency of Poland. As of the date of the filing of this Complaint, the Polish currency price agreed upon in the contract is equal to approximately $88,136.46 USD.

damages, in addition to the treble damages, exemplary damages, compensatory damages, costs, attorney fees, interest, and/or other damages to which the Plaintiff may be entitled.

### COUNT III- STATUTORY AND/OR COMMON LAW CONVERSION
### (As to all Defendants)

39. Plaintiff restates and incorporates by reference paragraphs 1 through 38 of this Complaint as though fully set forth herein.

40. Defendants intentionally embezzled or converted Plaintiff's personal property for their own use for the purpose of depriving Plaintiff of the use or resale of the property.

41. Specifically, without lawful authority, Defendants exercised dominion and control of the 30,240 units of Raffaelo candies owned by Plaintiff.

42. These actions constitute both statutory conversion under M.C.L. §600.2919a and common law conversion.

43. As a direct and proximate cause of Defendants' actions, Plaintiff has suffered significant damages, including the sum of at least 350812.00 PLN (Zloty), which as of the date of filing this complaint, is equal to approximately $88,136.46 USD.

44. Pursuant to M.C.L. §600.2919a, Plaintiff is entitled to treble damages equal to three times the amount of the actual damages sustained,

in addition to costs and attorney fees, among other such relief to which Plaintiff is entitled.

WHEREFORE, Plaintiff prays for judgment against Defendants in a sum in excess of Seventy-Five Thousand Dollars ($75,000.00) in actual damages, in addition to the treble damages, exemplary damages, compensatory damages, costs, attorney fees, interest, and/or other damages to which the Plaintiff may be entitled.

### COUNT IV – Unjust Enrichment
### (As to all Defendants)

45. Plaintiff restates and incorporates by reference paragraphs 1 through 44 as though fully set forth herein.

46. Defendants received a benefit from Plaintiff.

47. Specifically, the Defendants received a pecuniary benefit by receiving and accepting the goods from Plaintiff without providing any payment in exchange for the goods.

48. It is inequitable for Defendants to retain the benefits received from Plaintiff.

49. Plaintiff has suffered and will continue to suffer damages as a result of this inequity.

WHEREFORE, Plaintiff prays for judgment against Defendants in a sum in excess of Seventy-Five Thousand Dollars ($75,000.00) in actual

damages, in addition to the treble damages, exemplary damages, compensatory damages, costs, attorney fees, interest, and/or other damages to which the Plaintiff may be entitled.

## **VERIFICATION**

I swear under penalty of perjury that I have read this Verified Complaint and that the facts set forth in this Verified Complaint are true and accurate to the best of my knowledge, information, and belief.

          /s/ *Mateusz Kuczaj* 2/14/24
          MATEUSZ KUCZAJ, Owner
          MixRtvAgd.PL

Respectfully submitted,

VANDEVEER GARZIA, P.C.

By: /s/ *David Q. Houbeck*
DAVID Q. HOUBECK (P77002)
Attorneys for Plaintiff
840 W. Long Lake Rd., Ste. 600
Troy, MI  48098-6340
(248) 312-2800

Dated:  February 27, 2024